# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10cr3256 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| DAVID C. JACQUOT, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion for reconsideration of detention order and for setting of bail filed by the Defendant David Jacquot. ECF No. 103.

## BACKGROUND FACTS

On August 16, 2010, the Defendant was arraigned on three counts of Transportation of a Minor to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Section 2423(a). At that time, the Defendant was currently awaiting trial on a two count indictment alleging False Statements in Tax Returns in violation of Title 26, United States Code, Section 7206(1) in Case No. 08cr1171-WQH. The Government moved to detain the Defendant pending trial pursuant to 18 U.S.C. § 3142(e) on the grounds that no condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and the community.

On August 18, 2010, after a full hearing, Magistrate Judge Victor Bianchini ordered the

1  Defendant detained pending trial pursuant to 18 U.S.C. § 3142(e). The Magistrate Judge found
2  that there was probable cause to believe that the Defendant committed the offense of
3  transportation of a minor with intent to commit criminal sexual activity, and that no condition
4  or combination of conditions will reasonably assure his appearance as required.

5  On August 20, 2010, the Magistrate Judge entered a Detention Order. ECF No. 11.

6  On September 2, 2010, United States District Court Judge Whelan conducted a
7  detention hearing, upon appeal of the Detention Order of the Magistrate Judge. Judge Whelan
8  considered evidence and argument, the transcript of the hearing before the Magistrate Judge,
9  the transcript of the detention hearing on May 26, 2010 in Case No. 08cr1171-WQH, the report
10 prepared by United States Pretrial Services recommending detention, and the detention order
11 by the Magistrate Judge. Judge Whelan made an independent determination that no condition
12 or combination of conditions will reasonably assure his appearance as required and affirmed
13 the Detention Order issued by the Magistrate Judge on August 20, 2010.

14 Defendant appealed the order of detention to the Court of Appeals for the Ninth Circuit.

15 On October 12, 2010, the Court of Appeals for the Ninth Circuit affirmed the detention
16 order finding that "[t]he district court correctly found that the government met its burden of
17 showing, by a preponderance of the evidence, that 'no condition or combination of conditions
18 will reasonably assure the [defendant's] appearance,' 18 U.S.C. § 3142(e), and that appellant
19 therefore poses a risk of flight." ECF No. 29.

20 On March 3, 2010 and March 11, 2010, this court held hearings and heard testimony
21 and received exhibits regarding the Defendant's competency to stand trial.

22 On March 29, 2010, this Court found that by a preponderance of the evidence that the
23 Defendant is able to understand the nature and consequences of the proceedings against him
24 and to assist properly in his defense and that pursuant to Section 4241(e), the Defendant is
25 mentally competent to stand trial. ECF No. 99.

26 At the request of the Defendant, trial in this case has been scheduled for August 16,
27 2011.

28

## CONTENTIONS OF THE PARTIES

Defendant moves the Court for reconsideration of the order of detention so that he may be properly able to defend himself. Defendant contends that his detention prevents him from receiving proper therapy for his post traumatic stress disorder and his speech disorder. Given his medical conditions, Defendant asserts that his detention will result in a violation of the fifth amendment right to due process and the sixth amendment right to a fair trial. Defendant asserts that the obstacles to a fair trial could be minimized if he was residing in a half-way house. The Government asserts that there are no additional facts or circumstances relevant to reconsider the determination by the Magistrate Judge, the District Judge and the Court of Appeals that no condition or combination of conditions will reasonably assure his appearance as required.

## RULING OF THE COURT

Section 3142(f) provides in part that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). This Court has reviewed the record in this case, the evidence and argument at the hearing, the transcript of the hearing before the Magistrate Judge, the transcript of the detention hearing on May 26, 2010 in Case No. 08cr1171-WQH, and the detention order by the Magistrate Judge which was affirmed by Judge Whelan and the Court of Appeals. The Court has heard extensive testimony and reviewed the exhibits relating the Defendant's post traumatic stress disorder and his speech disorder.

The record shows that the Defendant is receiving significant treatment from medical providers including a speech therapist and a psychologist. The Court found that the Defendant's mental condition and its symptoms do not significantly impair his present ability to understand the nature and consequences of the court proceedings brought against him or Defendant's mental conditions do not substantially impair his ability to properly assist counsel in his defense. The Court concludes that information regarding Defendant's post traumatic stress disorder and his speech disorder does not have a material bearing on the issue whether

1 there are conditions of release that will reasonably assure the appearance of the Defendant.
2 The Government has met its burden of showing, by a preponderance of the evidence, that no
3 condition or combination of conditions will reasonably assure the defendant's appearance
4 pursuant to 18 U.S.C. § 3142(e) and no material information supports reconsideration of the
5 detention order.  This Court affirms the Detention Order filed on August 19, 2010 by the
6 Magistrate Judge, affirmed by Judge Whelan, and affirmed by the Court of Appeals.

IT IS HEREBY ORDERED that the motion for reconsideration of detention order and for setting of bail filed by the Defendant David Jacquot  ECF No. 103 is denied.

DATED: April 29, 2011

**WILLIAM Q. HAYES**
United States District Judge