UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>DAVID JACQUOT,<br><br>                      Defendant. | Case No.  10cr3256 WQH<br><br>**ORDER** |

HAYES, Judge,

      The matter before the Court is the motion for termination of supervised release (ECF No. 393) filed by the Defendant.

      On August 13, 2010, Defendant was charged in an indictment with three counts of transportation of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Defendant was charged in Count 1 with knowingly transporting M.J., who had not attained the age of 18 years, from Washington to California, with the intent that M.J. engage in sexual activity between May 10, 2006 and May 14, 2006. Defendant was charged in Count 2 with knowingly transporting M.J., who had not attained the age of 18 years, from Washington to California, with the intent that M.J. engage in sexual activity between May 21, 2006 and May 25, 2006. Defendant was charged in Count 3 with

1

knowingly transporting M.J., who had not attained the age of 18 years, from Washington to California, with the intent that M.J. engage in sexual activity between June 26, 2006 and June 29, 2006.

Two jury trials followed. Defendant testified under oath at the first trial on December 14, 2011 that he did not have any kind of improper or sexual relations with his adopted daughter on any of his trips to San Diego. (ECF No. 270 at 186). Defendant testified under oath at the second trial on January 18, 2012 that he did not have any improper sexual relations with his adopted daughter at any time. (ECF No. 348 at 152). Both trials ended when the jury was unable to reach a verdict.

On March 27, 2012, a superseding information was filed charging Defendant with travel with intent to engage in illicit sexual activity in violation of 18 U.S.C. § 2423(b) and § 2423(f). The information charged

> On or about May 10, 2006, defendant DAVID C. JACQUOT knowingly traveled in interstate commerce from Idaho to San Diego California, within the Southern District of California for the purpose of engaging in illicit sexual conduct with another person, to wit: a sexual act, as defined in Title 18 U.S.C Section 2246(1) (D) with a fifteen-year-old minor female who was more than four years younger than the defendant; in violation of Title 18 United States Code Sections 2423(b) and (f).

(ECF No. 355).

Defendant entered a plea of guilty pursuant to Fed. R. Crim P. 11(c)(1)(C) to the superseding information charging him with travel with the intent to engage in illicit sexual activity in violation of 18 U.S.C. § 2423(b) pursuant to a plea agreement. In the plea agreement, Defendant admitted the following facts

> On May 10, 2006, Defendant traveled in interstate commerce, flying from Idaho to San Diego California.
>
> One of the Defendant's motives and purposes in traveling in interstate commerce from Idaho to California was to engage in illicit sexual conduct with another person, that is, a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant.

(ECF No. 358 at 5). Pursuant to the plea agreement, Defendant acknowledged and agreed to registration as a sex offender under Sex Offender Registration and Notification Act. "Pursuant to Fed. R. Crim. P 11 (c)(1)(C), the United States and the defendant agree to recommend that the defendant be sentenced to time-served as of the time of sentencing on each count to run concurrently."[1] *Id*. at 11-12.

Subsequent to the plea, the presentence report detailed in the offense conduct that Defendant transported his adopted daughter, M.J., from Spokane, Washington to San Diego, California with the intent to have sex with her. (ECF No. 361 at 6). The presentence report stated that Defendant and his wife adopted M.J. in 2003 from Kazakstan when M.J. was 12 years old. The presentence report stated that Defendant began having sex with M.J. shortly after her adoption and that the behavior continued until M.J. was 18 years old. On May 10, 2006, when Defendant traveled from Idaho to San Diego with M.J. to engage in illicit sexual conduct, M.J. was 15 years old. The presentence report recommended that the Court impose a custodial sentence of 63 months and a supervised release term of ten years.

On June 21, 2012, the Court held a sentencing hearing. Pursuant to the plea agreement, Defendant and the Government recommended a custodial sentence of time served. Defendant recommended that the Court impose a ten year term of supervised release. The Government recommended that the Court impose a lifetime term of supervised release.

The Court agreed to the custodial sentence of time served and concluded that "a significant period of supervised release is appropriate." (ECF No. 397 at 14). The Court found that a supervised release term of twenty-five years was necessary in order to protect the public from any additional crimes of the Defendant. The Court found that the victim in this case testified truthfully at both trials that the sexual encounters with the Defendant started when she was 13 years old and continued over an extended period of time. The

---

[1] The plea agreement included a plea of guilty to a tax count in 08CR1171-WQH.

Court found that the victim testified credibly that the Defendant took her on several trips to San Diego, that they stayed in various hotels and watched pornographic movies, and that they had sex during these visits. The Court found that the testimony of the Defendant at trial that the victim rented pornographic movies without him knowing was "unbelievable and absurd." *Id*. at 12. The Court concluded that the offense was "very serious egregious." *Id*. at 14. The Court found that Defendant took advantage of his adopted daughter to have sex with her, that the conduct took place over an extensive period of time, and that Defendant had shown no remorse for the offense.

The Court entered Judgment sentencing the Defendant to a custodial sentence of time served and a twenty-five year period of supervised release. The Court found that this was the minimum sentence to satisfy the sentencing considerations of 18 U.S.C. § 3553(a). The Court found that a 25-year term of supervised release was necessary based upon the conduct of the Defendant over a significant period of time. The Court concluded that the relatively short period of custody necessitates a lengthy period of supervision in order to protect the public from further crimes of the Defendant. The Court found that the aggravated nature of the Defendant's conduct, and Defendant's willingness to lie under oath to avoid responsibility required close monitoring by the probation department over an extended period of time subject to the standard conditions and special conditions. The Court imposed the standard conditions of supervised release and the following special conditions of supervision:

> 1. Submit to search of person, property, residence, abode or vehicle, conducted by the Unites States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of supervised release. Failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
> 2. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.
> 3. Participate in a program of mental health treatment as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as

approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

4. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

5. Not associate with, or have any contact with any sex offenders unless in an approved treatment and/or counseling setting.

6. Not have unsupervised contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's conviction), and with the prior approval of the probation officer.

7. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim, without prior approval of the probation officer

8. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

9. Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and not patronize any place where the availability of such materials or entertainment are the primary purpose.

10. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

11. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be preapproved by the probation officer.

12. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 USC 16901, et seq.) As directed by the

probation officer, the Bureau of Prisons, or any other state sex offender registration agency in which he resides, works or is a student, or was convicted of a qualifying offense.
13. Notify the Col1ections Unit of the US Attorney's Office, and the US Probation Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, until any fine or restitution order is paid in full.
14. Notify the Collections Unit of the US Attorney's Office, and the US Probation Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant.
15. The defendant shall pay any a]] back taxes, including penalties and interest, and provide a financial statement to the IRS in accordance with any civil agreement with the IRS, and provide proof of same as required by the probation officer.

(ECF No. 371 at 4-5).

At the time of sentencing, the Court reviewed each of the special conditions of supervision, the Court made specific findings as to each special condition, and the Court found that each condition was necessary based upon the facts of this case. The Court specifically found that special condition 4 relating to the monitoring of computer devices was appropriate in light of the credible testimony at trial that Defendant used computers to view pornography with his adopted daughter. The Court found that this condition was necessary based upon the relevant conduct, the actions of the Defendant, and the offense to which Defendant pled guilty.

On December 14, 2021, Defendant moved the Court to terminate the remaining fifteen years of supervised release on the grounds that he has been in compliance with all of the terms and conditions of supervised release. Defendant asserts that his conduct on release and the interest of justice are served by terminating his supervised release in light of the relevant factors under 18 U.S.C. § 3553(a). Defendant asserts that his rehabilitation,

his family support, and his payment of restitution[2] support termination. Defendant asserts that "completion of sex offender treatment and classification as a low risk to re-offend is a significant change in circumstances warranting mitigation and making continued supervision unnecessary." (ECF No. 393 at 6). Defendant asserts that his offense conduct was outside the heartland of transportation and travel offenses because "defendant and his victim were on a business/family vacation trip to San Diego," and "he was a first time offender with no record." *Id*. at 9. Defendant asserts that he has dedicated his activities after his release from prison to the charitable assistance of fellow veterans without compensation. Defendant asserts that the objectives of supervised release have been accomplished in his case and further supervised release is unnecessary and disproportionate punishment in violation of the Eighth Amendment of the United States Constitution.

Plaintiff United States opposes early termination of supervised release. The Government contends that the Court found twenty-five years of supervised release was sufficient but not greater than necessary at the time of sentencing. The Government asserts that the term of supervised release continues to play an important role in achieving the goals of sentencing and compliance with supervision does not constitute circumstances justifying early termination. The Government asserts that the release conditions do not interfere with Defendant's reintegration into society and continue to further the applicable § 3553(a) factors.

## RULING OF THE COURT

Section 3583(c) states:

> The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

---

[2] Defendant was ordered to pay restitution in 08cr1171 WQH, the tax case.

The Court is directed to consider the following cross-referenced § 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> ...
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a).

In addition to setting forth certain mandatory conditions of supervised release, § 3583(d) permits a district court to impose any condition it deems appropriate, so long as the discretionary condition

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

18 U.S.C. § 3583(d).

In *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), the court explained:

> "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *Emmett*, 749 F.3d at 819. Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' " *Id*. (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. (quoting 18 U.S.C. § 3583(e)(1)).

*Id*.

At the time of the sentencing, this Court made an "individualized assessment" of all relevant factors based upon the facts presented. *Gall v. United States*, 552 U.S. 38, 39 (2007). The Court examined the nature and circumstances of the offense and the history and characteristics of the Defendant. The Court found that close monitoring subject to specific conditions of supervision was required in order to protect the public from future crimes by the Defendant. The Court found that the victim testified truthfully that her sexual encounters with Defendant started when she was 13 years old and kept going. The Court found that the victim testified candidly as to the frequency of the sex she had with the Defendant. The Court found that the victim testified credibly that they watched pornographic movies together in hotels in San Diego. The Court found Defendant's trial testimony that the victim rented pornographic movies without him knowing was unbelievable and absurd. The offense was aggravated and continued over an extended period of time. Defendant showed no remorse, and the need to protect the public from future crimes of the Defendant was significant. ("In my view the defendant has shown without question that he is willing to do and say anything to avoid the responsibility for his offense, . . . I think there is no limits that this defendant would go to avoid any responsibility." *Id*. at 16.) The Court concluded that a custodial sentence of time served and twenty-five years of supervised release was the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a) based upon the seriousness of the offense, the nature and characteristics of the Defendant, and the need to protect the public from further crimes of the Defendant.

In *United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011), the Court of Appeals held that a lifetime of supervised release was not unconstitutionally disproportionate given the serious crimes of sexually assaulting a nine-year-old girl and numerous instances of receiving child pornography. The Court explained,

> Rehabilitation and incapacitation are central purposes of the criminal justice system, and they are particularly critical here given the propensity of sex offenders to strike again. Supervised release can further the end of rehabilitating sex offenders. For instance, in this case, the express conditions

>of supervised release will require Williams to receive sex offender treatment and to avoid situations where he may be tempted to offend again. Relatedly, supervised release helps incapacitate sex offenders by keeping them under the watchful eye of probation officers who may be able to detect problems before they result in irreparable harm to innocent children.

*Id.* In this case, the Court found that the term of supervised release was necessary in order to continue to provide significant protection to the public and necessary monitoring and treatment to the Defendant. The aggravated crime of opportunity required extended period of supervised release. The Court has reviewed the facts and all relevant sentencing factors and concludes that the interests of justice continue to support the term of supervised release and each of the conditions imposed at the time of sentencing. Each of the standard and the special conditions of supervised release are based upon the specific characteristics of the Defendant. Each of the standard and the special conditions of supervised release involve no greater deprivation of liberty than reasonably necessary to address the applicable factors in § 3553(a). Each of the standard and the special conditions of supervised release are tailored to promote the goals of deterrence, protection of the public, and rehabilitation of the offender.

The Court finds that there are no facts to support the termination of Defendant's supervised release at this time. Defendant's compliance with his supervised release terms is not sufficient to justify early termination of his supervised release. The interests of justice continue to require "the watchful eye of probation officers who may be able to detect problems before they result in irreparable harm to innocent children." *Williams*, 636 F.3d at 1234. The Court finds that the applicable sentencing factors under 18 U.S.C. §3553(a) continue to support the completion of the twenty-five year term of supervised release.

"The Supreme Court has held that the Eighth Amendment contains a narrow proportionality principle . . . that forbids only extreme sentences that are grossly disproportionate to the crime." *Id*. at 1232 citing *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (internal quotation marks omitted). Twenty-five years of supervised release is appropriate to the grave offense committed by the Defendant.

1  IT IS HEREBY ORDERED that the motion for termination of supervised release
2  (ECF No. 393) is denied.
3  Dated: May 23, 2022

                                        *William Q. Hayes*
                                        Hon. William Q. Hayes
                                        United States District Court